**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL McDERMOTT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MONSANTO COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | No. _____ |

## DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto") hereby gives notice of removal of this action, captioned *Michael McDermott v. Monsanto Company*, bearing case number 20-1798, from the Superior Court of Middlesex County, Massachusetts to the United States District Court for the District of Massachusetts. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

### Introduction

1. In this products liability lawsuit, Plaintiff Michael McDermott sues Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection

Agency repeatedly has concluded that glyphosate does not cause cancer – including as recently as January 2020. Nevertheless, Plaintiff alleges that he developed cancer – specifically, non-Hodgkin's lymphoma ("NHL") – caused by exposure to Monsanto's glyphosate-based herbicides.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a Massachusetts citizen. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer (NHL) allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## Background and Procedural History

4. Plaintiff commenced this lawsuit in the Superior Court of Middlesex County, Massachusetts by filing a Complaint, captioned *Michael McDermott v. Monsanto Company*, case number 20-1798, on or about July 28, 2020 (the "Superior Court Action").

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint (and other papers) served upon Monsanto in the Superior Court Action are attached collectively as **Exhibit 1**. Plaintiff seeks damages for NHL allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, Complaint ¶¶ 17-18, 144-46, 158, 167, 170, 174, 176, 179, 198, 200, 202, 209, 213, 224.

### Basis For Removal – Diversity Jurisdiction

6. Plaintiff is, and was at the time the Superior Court Action was filed, a Massachusetts citizen. Complaint ¶¶ 16-17.

7. Monsanto is, and was at the time the Superior Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Complaint ¶ 19. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of diversity jurisdiction.

8. Plaintiff seeks at least $1,000,000 in damages, *see* Civil Action Cover Sheet (Exhibit 1), based on the allegations that Monsanto's Roundup®-branded herbicides caused him to develop cancer (NHL). Therefore, it is plausible that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

9. In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship between Plaintiff and Monsanto, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## **Procedural Requirements**

10. The Middlesex County Superior Court is located within the District of Massachusetts. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

11. Monsanto received notice of process in the Superior Court Action on September 8, 2020. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of September 8, 2020.

12. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Middlesex County Superior Court and will be promptly served on Plaintiff.

13. Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

14. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## **Conclusion**

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

4825-7731-5276 v1

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

DATED: September 22, 2020

By: */s/ Melissa Nott Davis*
Richard L. Campbell (BBO# 663934)
Melissa Nott Davis (BBO# 654546)
SHOOK , HARDY & BACON L.L.P.
125 Summer St., Suite 1220
Boston, MA 02110
Telephone: (617) 531-1411
Facsimile: (617) 531-1602
rcampbell@shb.com
mndavis@shb.com

***Attorneys for Monsanto Company***

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and electronic copies will be sent to those indicated as non-registered participants on September 22, 2020.

Paula S. Bliss
Bernheim Kelley Battista Bliss, LLC
4 Court Street
Plymouth, Massachusetts 02360
(617) 865-3642
pbliss@bkbblaw.com

 */s/ Melissa Nott Davis*
Melissa Nott Davis, Esq.